UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELECTRONIC CREATIONS CORP.,

                             Plaintiff,

v.                                     5:12-CV-1423
                                     (GTS/DEP)

GIGAHERTZ, INC.; and DAVID BROWN
a/k/a David Browne,

                             Defendants.
_____

APPEARANCES:                         OF COUNSEL:

MENTER, RUDIN & TRIVELPIECE, P.C.     MITCHELL J. KATZ, ESQ.
  Counsel for Plaintiff
308 Maltbie Street, Suite 200
Syracuse, NY 13204

WILEY REIN LLP                     ARI W. MELTZER, ESQ.
  Co-Counsel for Plaintiff            DAVID E. WESLOW, ESQ.
1776 K Street, N.W.
Washington, DC 20006

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

     Currently before the Court, in this copyright-infringement action filed by Electronic

Creations Corp. ("Plaintiff") against Gigahertz, Inc., and David Brown a/k/a David Browne

(collectively "Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P.

55(b) (Dkt. No. 21).  For the reasons set forth below, Plaintiff's motion is granted.

I.      **RELEVANT BACKGROUND**

A.      **Plaintiff's Complaint**

Liberally construed, Plaintiff's Complaint asserts the following three claims against

Defendants: (1) a claim of copyright infringement pursuant to 17 U.S.C. § 501; (2) a claim of

trademark infringement pursuant to 15 U.S.C. § 1114; and (3) a claim of unfair competition

pursuant to 15 U.S.C. § 1125.  (*See generally* Dkt. No. 1.)  Generally, these three claims arise

from the following factual allegations.

Plaintiff is a corporation organized in Colorado, having a principal place of business in

Santa Rosa, California.  (*Id*.) Defendant Gigahertz, Inc., is a corporation organized in Nevada,

having a principle place of business in Oswego, New York. (*Id*.) Plaintiff is an internet

development company that provides unique electronic services tailored for the web including

building, leasing, and managing websites. (*Id*.) Internet domain names or "web addresses," such

as those owned by Plaintiff, have a substantial value because of the need to acquire a domain

name to allow access to internet websites, and the limited number of available domain names.

(*Id*.) Plaintiff is the author and owner of certain copyright-protected websites (including

materials published online at Plaintiff's website, go.org) consisting of creative and original

expressions related to providing useful information to consumers via the internet. (*Id*.)[1]

Plaintiff's websites (including goauto.com, cobb.com, pup.com, fxrealty.com, vh.com, and

spiritmall) are promoted through a number of distinct and federally registered trademarks. (*Id*.) [2]

---

[1]      These websites are covered by U.S. Copyright Registration No. TX-7-448-820.
(Dkt. No. 21, Attach. 4.)

[2]      These trademarks are registered as U.S. Federal Trademark Registration Nos.
3399565, 3885279, 3447218, 3447216, 3068571, 3133374, and 2675573. (Dkt. No. 21, Attach. 4

Defendant Gigahertz is a website design and hosting company in which David Brown (a/k/a David Browne) is the sole shareholder, sole chief executive officer and sole employee, which he runs from his home in Oswego, New York. (*Id*.) Defendants have two registered domain names (addeffects.net and fakehack.com) that operate as one, sharing elements and links. (*Id*.) Defendants' sites copy, alter, and republish existing websites that are located on the internet, including the copyrighted material owned by Plaintiff. (*Id*.) Defendants' sites apply more than 120 alterations or "effects" to existing websites owned by Plaintiff and third parties. (*Id*.; *see also* Dkt. No. 1, Attach. 1.) Defendants' system is designed to apply the alterations in real time, meaning that Defendants continue to store the original website on their computer servers while "recoding" some portion of the site for the purpose of displaying altered versions of the copied websites. (Dkt. No. 1.) Defendants use a "spider" to "crawl" the internet and copy, store and alter web pages through Defendants' computer. (*Id*.) Users can also manually enter a website address to "fake hack" by using a direct entry method which stores a copy of the website associated on Defendants' computer. [3] (*Id*.) These copied webpages remain on the sever for an indefinite amount of time, and are eventually identified and "indexed" by Google. (*Id*.) When an internet user conducts a search on the search engine for Plaintiff's material or associated terms, the user may receive results for the copied/altered versions of the copyrighted material stored on Defendants' servers instead of, or in addition to, the original site. (*Id*.) Google penalizes those whose content is duplicated on other sites by not giving them a high ranking that results in the devaluation of domain names and/or websites. (*Id*.)

---

[3]     Direct entry method can be done by either typing the domain name/address into a text box at the infringing sites or by directly entering a URL into their browser using a third and fourth level domain in conjunction with fakehack.com or addeffects.net. (Dkt. No. 1.)

Defendants did not obtain permission or a valid license from Plaintiff to copy, distribute, alter, display, host, sell, or promote the copyrighted works. (*Id*.) The design of Defendants' sites was done with the purpose of copying materials from existing webpages, publishing and displaying those materials on Defendants' websites, and submitting the infringing sites to internet search engines. (*Id*.) Defendants frequently distorted, blocked, or otherwise made Plaintiff's copyright notices unviewable. (*Id*.)

Generally, as relief, Plaintiff requested the following, in pertinent part: (1) a permanent injunction enjoining Defendants from copying the protected works, using any copy of the protected works, or engaging in other activity constituting unfair competition; (2) statutory damages of $150,000 per work pursuant to 17 U.S.C. § 504(c); and (3) attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

### B.    Plaintiff's Service of Complaint, and Defendants' Failure to Answer

Plaintiff's counsel made attempts to obtain waiver of service of the Summons and Complaint, to no avail. On November 7, 2012, Plaintiff substitute served Defendant David Brown with its Complaint. (Dkt. No. 16.) On November 13, 2012, Plaintiff served its Complaint on Defendant Gigahertz by way of the New York State Secretary of State. (Dkt. No. 15.) As of the date of this Decision and Order, Defendants have filed no Answer to that Complaint. (*See generally* Docket Sheet.)

### C.    Clerk's Office's Entry of Default, and Defendants' Non-Appearance

On December 13, 2012, Plaintiff filed a motion for the Clerk of the Court to enter default against Defendants pursuant to Fed. R. Civ. P. 55(a). (Dkt. No. 18.) On December 14, 2012, the Clerk of the Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a). (Dkt.

No. 19.) As of the date of this Decision and Order, Defendants have not appeared and attempted to cure that entry of default. (*See generally* Docket Sheet).

### D. Plaintiff's Motion for Default Judgment, and Defendants' Non-Response

On February 8, 2013, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 23.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in support of its motion for default judgment, Plaintiff asserts the following seven arguments: (1) this Court has jurisdiction to enter default judgment against Defendants; (2) the Clerk of the Court appropriately entered default against Defendants; (3) Plaintiff is entitled to a default judgment against Defendants; (4) based on the factual allegations of the Complaint, (a) Defendants' sites infringed on the valid copyright owned by Plaintiff, (b) Defendants' copying of webpages including Plaintiff's marks is irreparably damaging Plaintiff and the valid trademarks it holds, and (c) the deceptive use of Plaintiff's sites by Defendants is causing unfair competition; (5) Plaintiff is entitled to a permanent injunction against Defendants; (6) Plaintiff is entitled to statutory damages; and (7) Plaintiff is entitled to costs and attorney's fees. (Dkt. No. 21, Attach. 1.)

Familiarity with the particular grounds for Plaintiff's motion for default judgment against Defendants is assumed in this Decision and Order, which is intended primarily for review of the parties.

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party

fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*.

"Rule 55(b) of the Federal Rules of Civil Procedure provides that, when a party moves for judgment against an adverse party who has failed to answer or otherwise appear in the action, the court may enter a judgment against the defaulting party." *Coated Fabrics Co. v. Mirle Corp*., 06-CV-5415, 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008) (citing Fed. R. Civ. P. 55[b]). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" *Pert 35, Inc. v. Amari Aviation Ltd.*, 09-CV-0448, 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010) (Peebles, M.J.).

"Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

"When a default judgment is entered, the defendant's failure to respond constitutes an admission of the well-pleaded factual allegations in the complaint, except as to claims relating to damages."  *Coated Fabrics Co.*, 2008 WL 163598, at *4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 [2d Cir. 1992]; *Au Bon Pain Corp., v. Artect, Inc.*, 653 F.2d 61, 65 [2d Cir. 1981]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental*

6

*Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## II.   ANALYSIS

### A.   Liability

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that Plaintiff has met its modest threshold burden of establishing entitlement to default judgment against Defendants on the issue of liability, under the circumstances.[4] The Court notes that Plaintiff's motion would survive even the heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Decision and Order, the Court finds that due notice of this action has been given to Defendants.  However, no Answer has been filed and no one has appeared on behalf of Defendants.  In addition, the Clerk has already entered default against Defendants, and Plaintiff has served Defendants with its motion for the issuance of default judgment.  However, Defendants have still neither responded to the motion nor appeared in this action.

---

[4]     In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

Finally, the Court finds that the factual allegations of the Complaint are sufficient to state a claim upon which relief can be granted. *See W.A.W. Van Limburg Stirum et al. v. Whalen et al.*, 90-CV-1279, 1993 WL 241464, at *4 (N.D.N.Y. June 29, 1993) (Munson, J.) (holding that "[b]efore judgment can be entered, the court must determine whether plaintiff's factual allegations are sufficient to state a claim for relief . . . the court may exercise its discretion to require some proof of the facts that must be established in order to determine liability").

For each of these alternative reasons, the Court grants Plaintiff's motion for the issuance of default judgment on the issue of liability pursuant to Fed. R. Civ. P. 55(b).

### B.    Relief

After carefully considering Plaintiff's unopposed motion, the Court is satisfied that, under the circumstances, Plaintiff has met its burden of establishing a valid basis for (1) an Order permanently enjoining Defendants, its officers, directors, principals, agents, servants, employees, successors and assigns, from the activities described in the judgment, (2) an award of statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c); and (3) an award of attorney's fees and costs in the amount of $13,913.56 pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505. The Court acknowledges that, sometimes, a hearing to fix the amount of damages may be conducted. *See* Fed. R. Civ. P. 55(b). However, such a hearing is not required where, as here, the Court has found that a basis exists for the damages specified in the default judgment.[5]

---

[5]    *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (noting that "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment"); *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (noting that it is "not necessary for the district court to hold a hearing to fix damages after a default judgment had been entered where the court had 'relied upon detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record gained during four years involvement with the litigation . . .'"); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991) (concluding that, where district judge was "inundated with affidavits, evidence, and oral presentations" a full evidentiary hearing was not necessary).

### 1.    Permanent Injunction

Under the Copyright Act, a district court is authorized to grant a permanent injunction "on such terms as it may deem reasonable to prevent or restrain" further infringement of a copyright. 17 U.S.C. § 502(a). To obtain a permanent injunction in a copyright infringement case, a plaintiff must establish the following four elements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering that balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Here, Plaintiff has established that the first two elements (i.e., irreparable harm and an inadequate remedy at law).  Defendants infringed upon Plaintiff's copyright and trademarks on numerous instances by copying, altering, and republishing the existing websites located on the internet. This supports the inference that, without a permanent injunction, Defendants will continue their illegal conduct.  Generally, monetary damages awarded "after the fact" do not provide an adequate remedy in a case such as this where the actual loss caused by the infringement cannot be measured. *Broad. Music, Inc. v. Metro Lounge & Café LLC*, 10-CV-1149, 2013 WL 286361, at *7 (N.D.N.Y. Jan. 24, 2013) (Mordue, J.). The republishing of the copied websites harm the status and value of Plaintiff's copyrights and future business prospects. The Court concludes that Plaintiff has sustained, and will likely continue to sustain, irreparable injury, and that the remedies available at law are an inadequate compensation. If Defendants were allowed to continue their infringing activities without restraint, Defendants would further

harm Plaintiff by causing its websites and domain names to be banned, de-listed, or devalued by Internet search engines (i.e., Google) and other Internet sites that classify websites and domain names as being malicious or harmful to users.  (Dkt. No. 1, at  ¶¶ 29-30.)

Moreover, Plaintiff has established that the third element (i.e., a balance of hardships weighing in Plaintiff's favor).  Defendants suffer no hardship by being required to comply with the law and obtain a valid license to Plaintiffs' copyrighted websites, whereas Plaintiff is suffering a hardship in being deprived of its legal rights. Defendants had actual knowledge of their infringement by designing the sites with the purpose of infringing upon the copyrighted materials. (*Id.* at ¶¶ 33-34.) Defendants have failed to cease their infringing conduct and are likely to continue, and Plaintiff therefore is entitled to a permanent injunction. *See Broad. Music, Inc. v. N. Lights, Inc.*, 555 F. Supp. 2d 328, 332 (N.D.N.Y. 2008) (Sharpe, J.).

Finally, Plaintiff has established the fourth element (i.e., whether the public interest would be served by a permanent injunction).  It would be in the public's interest to grant this permanent injunction to ensure they are receiving adequate and true information on the internet. It will also ensure future copyright and trademark holders a protection from infringers.

Turning to Plaintiff's trademark claim, a plaintiff is entitled to a permanent injunction on a claim for trademark infringement if it shows the following: (1) actual success on the merits, and (2) irreparable harm. *See Road Dawgs Motorcycle Club v. Cuse Road Dawgs*, 679 F. Supp. 2d 259, 291 (N.D.N.Y. 2009) (Suddaby, J.). Through Defendants' admissions of the well-pled allegations in the Complaint, Plaintiff has established actual success on the merits. *See DIRECTV, Inc. v. Bates*, 393 F. Supp. 2d 147, 148-49 (N.D.N.Y. 2005) (Munson, J.). "The second prong is automatically satisfied by actual success on the merits, as irreparable harm is

10

established by a showing of likelihood of confusion." *Road Dawgs Motorcycle Club*, 679 F.

Supp. 2d at 291 (quoting *Chloe v. DesignersImports.com USA, Inc,*, 07-CV-1791, 2009 WL

1227927, at *11 [S.D.N.Y. Apr. 30, 2009]).

        **2.**        **Statutory Damages**

       According to 17 U.S.C. § 504(c), a plaintiff in an action for copyright infringement shall

be entitled to statutory damages of "not less than $750 or more than $30,000" for "all

infringements involved in the action, with respect to any one work, as the court considers just."

17 U.S.C. § 504(c)(1). However, if the infringement is deemed to have been committed

"willfully," the court may increase the award of statutory damages up to a sum of $150,000 per

infringed work. 17 U.S.C. § 504(c)(2). "Statutory damages for copyright infringement are

available without proof of plaintiff's actual damages or proof of any damages." *All-Star Mktg.*

*Grp. v. Media Brands Co.*, 775 F. Supp. 2d 613, 626 (S.D.N.Y. 2011) (internal quotations

omitted).

       When determining the appropriate amount of statutory damages, the Court considers the

following six factors: (1) the infringer's state of mind; (2) the expenses saved, and profits earned,

by the infringer; (3) the revenues lost by the copyright holder; (4) the deterrent effect on the

infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the

value of the infringing material; and (6) the conduct and attitude of the parties. *Bryant v. Media*

*Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

       Here, factors 1 and 6 weigh heavily in favor of Plaintiff because Defendants knew of the

infringing activity by not only intentionally designing their websites to do so, but by frequently

distorting, blocking, or otherwise making un-viewable the copyright notices that Plaintiff had

originally built into the web-page. Factor 5 also weighs heavily in favor of Plaintiff due to the failure of the Defendants to appear, which has limited the information that could have further been discovered by Plaintiff. As for factors 2, 3 and 4, Defendants have been able to save the expenses that they would have incurred in designing a website and/or to properly purchasing a license from Plaintiff to use the websites. In addition, the infringement has cost Plaintiff valuable rankings in search engines (which can determine the success of a business); Defendants have diverted potential customers from Plaintiff's sites, who otherwise would have access to the sites if it were not for Defendants infringement.

Moreover, because actual damages would be hard to prove, statutory damages are appropriate. Plaintiff is seeking statutory damages in the amount  of $150,000. To prove "willfulness" under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of "reckless disregard" for, or "willful blindness" to, the copyright holder's rights. *Island Software and Comp. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 262 (2d Cir.2005) (where defendant recklessly disregarded the possibility that its conduct represented infringement).

Here, Defendants took the time to cover over the copyright notices on Plaintiff's website. Defendants should also know that their software–which was designed to copy other websites–would be infringing the copyrights and trademarks that are owned by those websites. The statutory damages in the present case are appropriate due to the willful and egregious disregard by the Defendants and their actions. This should also serve as a deterrent not only to the current Defendant, but as a general deterrent to others who may contemplate engaging in this "fake hack" infringing behavior in the future. *All-Star Mktg. Grp.*, 775 F.  Supp. 2d at 627.

12

3.     **Attorney's Fees and Costs**

The District Court in its discretion may award  reasonable attorney's fee to the prevailing

party in a copyright infringement action. *See* 17 U.S.C. § 505;[6] *Bryant*, 603 F.3d at 144.

Generally, in deciding whether to make such an award, the Court considers the following four

factors: (1) the frivolousness of the losing party's claims or defenses; (2) the losing party's

motivation; (3) whether the claims or defenses were objectively unreasonable; and (4)

compensation and deterrence. *See id*. The third factor, objective unreasonableness of the claims

or defenses, is given substantial weight. *See id*.

Here, Plaintiff's submission and the default by Defendants establish the frivolousness and

objective unreasonableness of the defense under factors 1 and 3. Regarding Defendants'

motivation, factor 2, the Court has concluded that Defendants did not act in good faith in

defending the action, but rather engaged in a strategy of noncompliance and delay. A large

number of the hours expended by Plaintiff's counsel was due to the noncompliance of the

Defendants. Under these circumstances, an award of attorney's fees is warranted as

compensation to Plaintiff and as a future deterrent against this conduct on the part of Defendants

and other infringers.

In the Second Circuit, attorney's fee awards are based on a "presumptively reasonable

fee" reached by multiplying the hours reasonably expended, by the reasonable hourly rate. *Arbor*

*Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183-84 (2d

Cir.2008). A court determines the hours reasonably expended by reviewing contemporaneous

---

[6]     "In any civil action under this title, the court in its discretion may allow the
recovery of full costs by or against any party other than the United States or an officer thereof.
Except as otherwise provided by this title, the court may also award a reasonable attorney's fee
to the prevailing party as part of the costs." 17 U.S.C. § 505.

time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983).

Also, where a defendant fails to defend against a claim of trademark infringement, an award of costs and fees is appropriate. Attorney's fees are also appropriate in trademark claims in "exceptional cases," including where infringement is willful. *See*, *e.g.*, *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003).[7]

Here, Plaintiff kept a detailed description and log of all attorney's fees based on an hourly rate. (Dkt. No. 21. Attach. 6.) After carefully reviewing the documents, the Court is satisfied with the amount calculated by Plaintiff. Simply stated, Plaintiff has incurred $12,586.50 in attorney's fees and an additional $1,327.06 in costs to secure judgment by default, which should properly be awarded. (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that, Plaintiffs' motion for entry of default judgment against Defendants (Dkt. No. 21.) is **GRANTED**, and it is further

**ORDERED** that a **PERMANENT INJUNCTION** be entered in favor of Plaintiff Electronic Creations Corporation against Defendants David Brown (a/k/a David Browne) and Gigahertz, Inc., its officers, directors, principals, agents, servants, employees, and successors, and all other persons in active concert or participation with them, enjoining and restraining them from doing the following:

---

[7]     "The Lanham Act authorizes the award of attorney's feed to prevailing parties in 'exceptional cases,' 15 U.S.C. § 1117(a) which we understand to mean instances of 'willful infringement.'"

(1)     Copying, distributing, altering, displaying, hosting, selling and/or promoting

and/or Plaintiff's creative works published on Plaintiff's website at www.go.org

and/or covered by U.S. Copyright Registration No. TX0007448820 that Plaintiff

owns;

(2)     Using any copy or imitation of Plaintiff's federally registered trademarks,[8] in

connection with the promotion, advertisement, display, sale, offering for sale,

manufacturing, printing, importation, production, circulation, or distribution of

any product or service, in such fashion as to relate or connect such product in any

way to Plaintiff, or to any good sold, manufactured, sponsored, approved by or

connected with Plaintiff; and

(3)     Engaging in any other activity that may constitute unfair competition with

Plaintiff or constituting an infringement of Plaintiff's copyright or trademarks, or

constituting any damage to Plaintiff's name, reputation or goodwill; and it is

further

**ORDERED** that Plaintiff is entitled to an award of statutory damages in the amount of

**ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000)** under 17 U.S.C. § 504(c)(2);

and it is further

**ORDERED** that Plaintiff is entitled to an award of the attorney's fees and costs that it

incurred in this action in the amount of **THIRTEEN THOUSAND NINE HUNDRED**

**THIRTEEN DOLLARS AND FIFTY-SIX CENTS ($13,913.56)** under 15 U.S.C. § 1117(a)

and 17 U.S.C. § 505; and it is

---

[8]     These trademarks include GOAUTO.COM (U.S. Federal Trademark Registration No. 3399565), ELECTRONIC CREATIONS (No. 3885279), COBB.COM (No. 3447218), PUP.COM (No. 3447216), FXREALTY.COM (No. 3068571), VH.COM (No. 3133374), and SPIRITMALL (No. 2675573).

**ORDERED** that Plaintiff is awarded a Judgment against Defendants David Brown (a/k/a David Browne) and Gigahertz, Inc., jointly and severally, in the **TOTAL AMOUNT** of **ONE HUNDRED SIXTY-THREE THOUSAND NINE HUNDRED THIRTEEN DOLLARS AND FIFTY-SIX CENTS ($163,913.56)**.

Dated: June 25, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge